[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14330

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

NOLAN FERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:14-cr-60212-RKA-1

_____

Before WILSON, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Nolan Fernandez appeals the district court's denial of his motion for compassionate release under the First Step Act. The district court denied his compassionate release motion on three grounds. First, the district court determined that the 18 U.S.C. section 3553(a) factors weighed against a sentence reduction. Second, the district court concluded that Fernandez had not shown that his circumstances—medical conditions that Fernandez said made him more susceptible to COVID-19—were either "extraordinary" or "compelling" as required by 18 U.S.C. section 3582(c)(1)(A)(i). Third, even if Fernandez's medical conditions were extraordinary and compelling, the district court found that Fernandez had not met his burden to demonstrate that he no longer posed a danger to the community. Fernandez argues that the district court erred in concluding that he was ineligible for relief under the Act because his susceptibility to COVID-19 was an "extraordinary and compelling" circumstance under section 3582(c)(1)(A)(i). We affirm.

We review de novo "whether a district court had the authority to modify a [defendant's] term of imprisonment" under the Act. *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020). We review a district court's denial of an eligible prisoner's request for a reduced sentence under the Act for an abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows

improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Id.* (citation omitted).

"While we read briefs filed by pro se litigants liberally, issues not briefed on appeal by a pro se litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (citations and italics omitted). And when a party abandons one of the grounds on which the district court based its judgment, "the judgment is due to be affirmed." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

Fernandez does not challenge the district court's conclusions that the section 3553(a) factors weighed against a sentence reduction and that he had not met his burden to demonstrate that he did not pose a danger to the community. In his brief, Fernandez makes only one argument: the district court should have determined that his susceptibility to COVID-19 was an "extraordinary and compelling" reason warranting compassionate release. Neither his statement of the issues nor any other portion of his initial brief addresses the district court's alternative grounds for denying his motion for compassionate release. Fernandez has therefore abandoned these arguments and the district court's denial of his motion for compassionate release on these grounds "is due to be affirmed." *See United States v. Maher*, 955 F.3d 880, 885 (11th Cir. 2020) (quoting *Sapuppo*, 739 F.3d at 683).[1]

---

[1] Because our affirmance is based on Fernandez not addressing two of the district court's alternative grounds for denying his compassionate release motion,

4                    Opinion of the Court                    20-14330

AFFIRMED.

---

we don't address his argument that the district court erred in finding that his medical condition was not extraordinary and compelling.